[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2278

UNITED STATES,

Appellee,

v.

CARLOS M. TOBON,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

Eileen M. Donoghue on brief for appellant.
Donald K. Stern, United States Attorney, and Michael D. Ricciuti, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

---

July 20, 2001

---

**Per Curiam**. Carlos Tobon appeals his 210-month sentence imposed following his plea of guilty to charges of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting, 18 U.S.C. § 2. Tobon argues on appeal that he should have received a downward departure from the applicable sentencing guidelines range and that the district court clearly erred in imposing sentencing enhancements for being a leader or organizer of the conspiracy, pursuant to U.S.S.G. § 3B1.1(c), and for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The government has filed a Motion for Summary Disposition, pursuant to Loc. R. 27(c).

In support of his argument that he is entitled to a downward departure, Tobon contends that the government used an artificially beneficial term in the proposed drug transaction-- that the drugs could be delivered upon the signing of a promissory note in lieu of a cash down payment. Tobon argues that the government had at first insisted on a reasonable down payment, but changed the condition in order to ensure that the reverse-sting operation would succeed when the defendants could not obtain the requisite cash. He notes

-2-

that the guidelines, specifically U.S.S.G. § 2D1.1, comment. (n.15), contemplate a departure from the otherwise applicable sentencing guidelines range when the government has set an artificially low price in a reverse sting operation that induces a defendant to purchase a larger quantity of drugs than he would otherwise have obtained.

"Generally, an appellate court lacks jurisdiction to review a sentencing court's discretionary decision not to depart below the guideline sentencing range. An exception to this general rule applies when the sentencing court's decision not to depart is based upon its belief that it lacks the authority or power to depart." United States v. Mangos, 134 F.3d 460, 465 (1st Cir. 1998) (citations omitted).

The exception does not apply here. Nothing in the record indicates that the district court believed it lacked authority to depart downward in this case. Instead, the record indicates that the district court understood that it had authority to depart pursuant to U.S.S.G. § 2D1.1, comment. (n.15), but that it exercised its discretion in declining to make such a departure. We lack jurisdiction to review this claim. See United States v. Baltas, 236 F.3d 27, 40 (1st Cir.), cert. denied, 121 S.Ct. 1982 (2001).

Tobon argues that the district court clearly erred in attributing a leadership role to him, contending that he was no more culpable than his co-defendant Agudelo, who actually negotiated and met with the government agents.

The guidelines provide for at least a two-level aggravating role enhancement if a defendant "was an organizer, leader, manager, or supervisor." U.S.S.G. § 3B1.1(c). Factors the court should consider include, among others, the exercise of decision making authority and the recruitment of accomplices. U.S.S.G. § 3B1.1, comment (n.4). There can be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. U.S.S.G. § 3B1.1, comment. (n.4). We review role-in-the-offense determinations, steeped in the facts of the case, under a clearly-erroneous standard. United States v. Cadavid, 192 F.3d 230, 237 (1st Cir. 1999).

The district court adopted the factual statements from the PSR detailing that Tobon recruited Velez and Agudelo, paid for their hotel room, and directed Agudelo in his dealings with the agents for the purchase of the 50 kilograms of cocaine. Tobon did not object to these assertions in the PSR, and he is therefore foreclosed from contesting them on appeal. See United States v. Morillo, 8

-4-

F.3d 864, 872-73 (1st Cir. 1993) ("A defendant who accepts the probation department's configuration of the sentencing record without contesting the facts set forth in the PSI Report can scarcely be heard to complain when the sentencing court uses those facts in making its findings"). On these facts, we conclude that the district court did not clearly err in applying the leadership enhancement.

Tobon argues, for the first time on appeal, that Agudelo and Velez's statements that they were recruited by Tobon are untrustworthy, as Agudelo and Velez were cooperating defendants, and their statements were uncorroborated. We review arguments not raised below only for plain error. United States v. Rivera-Ruiz, 244 F.3d 263, 272 (1st Cir. 2001). We find no plain error in the district court's decision to credit Velez's and Agudelo's statements that they were recruited by Tobon.

Tobon received a two-level enhancement to his base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1 based upon the district court's finding that Tobon threatened his co-defendant Paola Velez. Tobon argues for the first time on appeal that the district court erroneously relied upon insufficient evidence, namely, the statement of another individual charged with a crime

contained within an FBI report. Tobon fails to acknowledge, however, that in addition to providing the court with the FBI report, the government had the witness whose statement was memorialized in the report available to testify at sentencing as to the threats Tobon asked her to convey to Velez. The government proffered what the witness would testify to, and Tobon did not object to this recitation, or even request that the witness actually testify.

Arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate context. United States v. Graciana, 61 F.3d 70, 76 (1st Cir. 1995). Even if this court were to review Tobon's argument for plain error, see Rivera-Ruiz, 244 F.3d at 272 (reviewing objections not made at the time of sentencing for plain error), the claim fails. A sentencing court may rely upon hearsay evidence to justify an obstruction-of-justice enhancement, so long as it appears reliable. See United States v. Aymelek, 926 F.2d 64, 68 (1st Cir. 1991). In this case, the statement has reasonable indicia of reliability, as it was corroborated by Velez's report that she had been told about Tobon's threats and by Velez's actions in twice seeking to relocate out of fear for her safety.

Accordingly, the district court did not plainly err in relying upon the FBI report or the government's proffer in making its factual finding that Tobon had threatened Velez. Furthermore, we see nothing confusing or ambiguous about the alleged threat.

The Government's Motion for Summary Disposition is <u>granted</u>. Tobon's sentence is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).